Filed 9/16/14  In re Javon C. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re JAVON C., a Person Coming Under the Juvenile Court Law. | B255161<br>(Los Angeles County<br>Super. Ct. No. CK77404) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JUSTIN C.,<br><br>        Defendant and Appellant. | |

TO THE COURT:[*]

Justin C. (father) appeals from the juvenile court's order terminating parental rights over his son Javon C. (minor) pursuant to Welfare and Institutions Code section

---

[*]        BOREN, P. J., ASHMANN-GERST, J., and FERNS, J.[†]

[†]        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

366.26.[1] We dismiss the appeal pursuant to *In re Sade C.* (1996) 13 Cal.4th 952, 994 because father has not raised any arguable issues on appeal.

## FACTS

The minor was born in December 2006.

From February 2007 to January 2008, father was given family reunification services and family maintenance services in connection with the minor's half-brother, Korey C. (Korey). A court granted father custody of Korey and terminated the case with a Family Law Order.[2]

The Department of Children and Family Services (Department) received a referral regarding an incident on October 14, 2011. While the minor was riding on a bus with his mother J.E. (mother) and father, father hit the minor in the mouth when he asked for a snack. It caused his lip to bleed.

A social worker interviewed the minor and Korey. They stated that they lived with father and mother, that father regularly hit them, and that mother "never says anything[.]" When Father was interviewed, he denied hitting or grabbing the minor. Instead, father claimed he put his arm in front of the minor to prevent him from falling off his seat when the bus came to a stop. Mother was also interviewed. She disclosed that she had been arrested for shoplifting and child endangerment, she had been diagnosed with depression and taking anti-depressants for 15 years, and she had been hospitalized for suicidal ideation when she was 17 years old. Mother denied that father hit the minor. According to her, father grabbed the minor by the shirt and told him to "calm down and act right on the bus" after he whined for a snack. Both father and mother suggested that the minor had caused his lip to bleed by biting it. Contrary to what the children said, father and mother denied that the two of them were residing in the same household.

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2]     The record indicates that Korey is about a year older than the minor.

The minor was detained and later placed in foster care with Mae P. The juvenile court granted the parents reunification services.

The Department filed a petition on behalf of the minor pursuant to section 300, subdivisions (a), (b), and (j) It alleged, inter alia, that the minor was at risk of physical harm because father hit him on the mouth, inflicting a laceration; father had a history of drug use and was a current user of marijuana, which rendered him incapable of providing regular care and supervision; and father hit Korey on prior occasions.

Subsequently, the minor was placed with Kelly A.

On March 3, 2012, father met with a social worker and was given referrals to court-ordered services and a bus pass.

Father failed to drug test as ordered, and he did not provide social workers with updates on his programs. According to Kelly A., father visited only eight times from March to October 2012. His interaction with the minor was minimal, and he spent one entire visit using a computer. During another one of his visits, he fell asleep. Kelly A. told a social worker that father said he was not going to try to regain custody of the minor, and he was not going to do anything that the juvenile court or the Department was asking him to do.

On March 22, 2012, the juvenile court sustained the section 300 petition and granted the parents monitored visitation.

Over the course of the year, a social worker made telephone calls to father and encouraged him to participate in court-ordered programs. He did not return those calls. He was a no show at drug tests on October 29, 2012, November 9, 2012, November 20, 2012, and December 4, 2012. He failed to provide proof that he participated in any court-ordered programs.

On February 13, 2013, the juvenile court found that father was in partial compliance with the case plan and terminated his reunification services. Later, it terminated mother's services, too.

A section 366.26 permanency hearing was held on March 17, 2014. The Department's reports indicated that the parents did not visit the minor regularly. Though

3

there were no problems during the visits, they were not consistent enough to establish a parent/child relationship. At the hearing, father's counsel represented that the minor stated that he enjoyed visits with father. Based on that, counsel stated, "I would argue that it would not be in [the minor's] best interest to have father's parental rights terminated." The juvenile court found that the minor was adoptable, and terminated the parental rights.

## THIS APPEAL

After father filed this appeal, we appointed counsel to represent him. After examining the record, father's counsel filed a brief pursuant to *In re Phoenix H. (*2009) 47 Cal.4th 835, indicating an inability to find an arguable issue. On May 13, 2014, we advised father that he had 30 days in which to submit a letter or brief setting forth any arguments he wished for us to consider.

On June 20, 2014, father submitted a letter stating that the trial court did not verify the reports submitted by the Department regarding his visitations; he visited the minor more often than was reported; he can verify his visitations through cell phone records and pictures; the Department did not make reasonable efforts to confirm his visitations; and his children's guardian committed perjury when characterizing father's relationships and visitations with his children. In addition, father argued that he should have custody of the minor because they have a strong bond.

## DISCUSSION

"An appealed-from judgment or order is presumed correct. [Citation.] Hence, the appellant must make a challenge. In so doing, he must raise claims of reversible error or other defect [citation], and 'present argument and authority on each point made' [citations]. If he does not, he may, in the court's discretion, be deemed to have abandoned his appeal. [Citation.] In that event, it may order dismissal. [Citation.]" (*In re Sade C.*, *supra*, 13 Cal.4th at p. 994.)

4

Father has failed to raise claims of reversible error, and he has failed to show any defect.  In addition, we conclude that substantial evidence supports the juvenile court's order terminating parental rights.

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.